STATE OF MINNESOTA

IN SUPREME COURT

A15-1877



September 28, 2016

OFFICE OF
APPELLATE COURTS

In re Petition for Disciplinary Action against
Scott Alan Becker, a Minnesota Attorney,
Registration No. 0248253.

ORDER

By an order dated July 20, 2016, we suspended respondent Scott Alan Becker from the practice of law for a minimum of 60 days, effective August 3, 2016. Respondent has filed an affidavit seeking reinstatement in which he states that he has fully complied with the terms of the suspension order, except for successful completion of the written examination required for admission to the practice of law by the State Board of Law Examiners on the subject of professional responsibility. The Director of the Office of Lawyers Professional Responsibility does not oppose the request.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1.     Effective October 2, 2016, respondent Scott Alan Becker is conditionally reinstated to the practice of law in the State of Minnesota, subject to his successful completion of the written examination required for admission to the practice of law by the State Board of Law Examiners on the subject of professional responsibility, and is placed on disciplinary probation for 2 years, subject to the following conditions:

1

(a)     Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation.  Respondent shall promptly respond to the Director's correspondence by its due date. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address.  Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention.  Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify respondent's compliance with the terms of this probation.

(b)     Respondent shall abide by the Minnesota Rules of Professional Conduct.

(c)     Respondent shall be supervised by a lawyer with the Director's Office who will monitor respondent's compliance with the terms of this probation.

(d)     Respondent shall cooperate fully with the supervisor in their efforts to monitor compliance with this probation.

(e)     On a quarterly basis, respondent shall affirmatively report to the Director the status of his efforts to resolve the claims of the heirs of Richard Linde. After 1 year, if the claims of the heirs have been resolved, respondent may request early termination of the probation. If the Director agrees, the parties may file a request for termination of probation with the court.

2.     By July 20, 2017, respondent shall comply with Rule 18(e)(3), Rules on Lawyers Professional Responsibility (RLPR), by filing with the Clerk of the Appellate Courts and serving upon the Director proof of respondent's successful completion of the written examination required for admission to the practice of law by the State Board of Law Examiners on the subject of professional responsibility.  Failure to do so shall result in automatic re-suspension pending proof of successful completion of the examination, pursuant to Rule 18(e)(3), RLPR.

Dated: September 28, 2016      BY THE COURT:

David R. Stras
Associate Justice